# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SABRINA BEDFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-04574 |
| ) | |
| LIFESPACE COMMUNITIES, INC., ) | Hon. Manish S. Shah |
| ) | |
| Defendant. ) | Magistrate Hon. Susan E. Cox |
| ) | |
| ) | |

## [PROPOSED] ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On _____, the Court heard Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. The Court has considered the Settlement Agreement and its exhibits, including the Notice of Proposed Settlement of Class Action Lawsuit ("Class Notice"), along with the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all capitalized terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the Settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. This Court grants preliminary approval of the Parties' Class Action Settlement.

4. This Court finds that the proposed Settlement Class is proper and should be certified. For purposes of the proposed Settlement, the Settlement Class is certified pursuant to Fed. R. Civ. P. 23 as follows:

All individuals working for Defendant Lifespace Communities, Inc. ("Defendant" or "Lifespace") in the State of Illinois who had any information that allegedly could be covered under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, collected, captured, received, obtained, maintained, stored, transmitted, or disclosed by any Defendant within the five-year period preceding the date the Complaint was filed through February 1, 2021 and who do not timely opt-out of the settlement ("Settlement Class").

5. This Court specifically finds for purposes of this settlement that (i) the class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) Plaintiff's claims are typical of the class claims; and (iv) Plaintiff will be able to fairly and adequately protect the interests of the Settlement Class. In addition, this Court finds for purposes of this Settlement that common questions of fact and law predominate over questions affecting individual Class Members, and the class action is superior to other available methods of adjudication. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all Settlement Class Members.

6. This Court appoints the attorneys from Stephan Zouras, LLP as Class Counsel and Named Plaintiff Sabrina Bedford as Class Representative.

7. This Court approves Simpluris as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement and the plan of settlement administration therein.

8. The Class Notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and of the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of the State of Illinois, and all other applicable laws.

The Class Notice is accurate, objective, and informative and provides members of the Settlement Class with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9. The Class Notice, attached to the Settlement Agreement as Exhibit A, is approved. The Settlement Administrator is authorized to mail those documents to the Class Members as provided in the Settlement Agreement.

10. Any written objection to the Settlement must be submitted to the Court no later than forty-five (45) days after the Class Notice is mailed to the Class Members.

11. Any uncashed amounts from the Settlement Fund (including checks disbursed to Settlement Class Members that are uncashed for any reason within 120 days of issuance of the check) will be retained by Defendant or its insurer, as set forth in the Settlement Agreement.

12. This Court preliminarily approves the Fee Award to Class Counsel of $351,094.00 of the Settlement Fund, inclusive of all past and anticipated future attorneys' fees, which represents 33.3% of the Settlement Fund, inclusive of administrative costs and attorney expenses not to exceed $22,140.00.

13. In the event that the Effective Date does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the Settlement Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter, as set forth in the Settlement Agreement.

14. The Court will conduct a Final Approval Hearing on _____, 2021, at _____ a.m./p.m. to determine the overall fairness of the Settlement. The Final Approval Hearing may be continued without further notice to Class Members. The Class Representative

shall file a motion for approval of the Settlement, and Class Counsel shall file their unopposed motion for a Fee Award, Administration Expenses, and the Service Award to the Class Representative on or before _____, 2021.

IT IS SO ORDERED.

Dated: _____, 2021  _____
Hon. Manish S. Shah
United States District Court Judge