IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SABRINA BEDFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-04574 |
| | ) | |
| LIFESPACE COMMUNITIES, INC., | ) | Hon. Manish S. Shah |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY AND
GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

The Court has considered Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. The Court has reviewed the Settlement Agreement and its exhibits, including the Notice of Proposed Settlement of Class Action Lawsuit ("Class Notice"), along with the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all capitalized terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the Settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. This Court grants preliminary approval of the Parties' Class Action Settlement.

4. This Court finds that the proposed Settlement Class is proper and should be certified. For purposes of the proposed Settlement, the Settlement Class is certified pursuant to Fed. R. Civ. P. 23 as follows:

All individuals working for Defendant Lifespace Communities, Inc. ("Defendant" or "Lifespace") in the State of Illinois who had any information that allegedly could be covered under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.,* collected, captured, received, obtained, maintained, stored, transmitted, or disclosed by any Defendant within the five-year period preceding the date the Complaint was filed through February 1, 2021 and who do not timely opt-out of the settlement ("Settlement Class").

5. This Court specifically finds for purposes of this settlement that (i) the class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) Plaintiff's claims are typical of the class claims; and (iv) Plaintiff will be able to fairly and adequately protect the interests of the Settlement Class. In addition, this Court finds for purposes of this Settlement that common questions of fact and law predominate over questions affecting individual Class Members, and the class action is superior to other available methods of adjudication. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all Settlement Class Members.

6. This Court appoints the attorneys from Stephan Zouras, LLP as Class Counsel and Named Plaintiff Sabrina Bedford as Class Representative.

7. This Court approves Simpluris as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement and the plan of settlement administration therein.

8. The Class Notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and of the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of the State of Illinois, and all other applicable laws.

The Class Notice is accurate, objective, and informative and provides members of the Settlement Class with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9. The Class Notice, attached to this Order as Exhibit A, is approved. The Settlement Administrator is authorized to mail those documents to the Class Members as provided in the Settlement Agreement.

10. Any written objection to the Settlement must be submitted to the Court no later than forty-five (45) days after the Class Notice is mailed to the Class Members.

11. Any uncashed amounts from the Settlement Fund (including checks disbursed to Settlement Class Members that are uncashed for any reason within 120 days of issuance of the check) will be retained by Defendant or its insurer, as set forth in the Settlement Agreement.

12. This Court preliminarily approves the Fee Award to Class Counsel of $351,094.00 of the Settlement Fund, inclusive of all past and anticipated future attorneys' fees, which represents 33.3% of the Settlement Fund, inclusive of administrative costs and attorney expenses not to exceed $22,140.00.

13. The deadline for filing any fee petition shall be 50 days following the entry of this Order. The deadline for class members to object to any fee petition submitted shall be 60 days following the entry of this Order, or 10 days after the submission of any fee petition.

14. In the event that the Effective Date does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the Settlement Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter, as set forth in the Settlement Agreement.

15. The Court will conduct a Final Approval Hearing on May 12, 2021, at 10:00 a.m. to determine the overall fairness of the Settlement. The Final Approval Hearing may be continued without further notice to Class Members. The Class Representative shall file a motion for approval of the Settlement, and Class Counsel shall file their unopposed motion for a Fee Award, Administration Expenses, and the Service Award to the Class Representative on or before May 5, 2021.

IT IS SO ORDERED.

Dated: February 5, 2021

Hon. Manish S. Shah
United States District Court Judge

# EXHIBIT A

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Bedford v. Lifespace Communities, Inc.*, Case No. 20-cv-04574
United States District Court for the Northern District of Illinois, Eastern Division

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU PROVIDED YOUR HAND OR FINGER SCAN FOR EMPLOYEE TIMEKEEPING BY LIFESPACE COMMUNITIES, INC. AT ANY TIME BETWEEN JUNE 17, 2015 TO [DATE OF PRELIMINARY APPROVAL].**

*This is a court-authorized notice of a proposed class action settlement. This is **not** a solicitation from a lawyer and is **not** notice of a lawsuit against you.*

### WHY DID I GET THIS NOTICE?

This is a court-authorized notice of a proposed Settlement in a class action lawsuit, *Bedford v. Lifespace Communities, Inc.*, Case No. 20-cv-04574, pending in the United States District Court for the Northern District of Illinois, Eastern Division. The Settlement would resolve a lawsuit brought on behalf of persons who allege that Lifespace Communities, Inc. (collectively, "Lifespace" or "Defendant") required workers to provide their biometric identifier and/or biometric information for timekeeping without first providing them with legally-required written disclosures and obtaining written consent. Defendant contests these claims and deny that they violated the Illinois Biometric Information Privacy Act. If you received this Notice, you have been identified as a member of the Settlement Class. The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of Settlement only. This Notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read the instructions and explanations below so that you can better understand your legal rights.

### WHAT IS THIS LAWSUIT ABOUT?

The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et seq., prohibits private companies from capturing, obtaining, storing, transferring, and/or using the biometric identifiers and/or information, such as fingerprints, of another individual for any purpose, including timekeeping, without first providing such individual with certain written disclosures and obtaining written consent. This lawsuit alleges that Defendant violated BIPA by requiring current and former workers to submit their hand or finger scan between June 17, 2015 and [DATE OF PRELIMINARY APPROVAL] without first providing the requisite disclosures or obtaining the requisite consent. Defendants contest these claims and deny that they violated BIPA.

2

**WHY IS THIS A CLASS ACTION?**

A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar claims. All of these people together are a "Class" or "Class Members." Once a Class is certified, a class action Settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**WHY IS THERE A SETTLEMENT?**

To resolve this matter without the expense, delay, and uncertainties of litigation, the Parties have reached a Settlement, which resolves all claims against Defendant. The Settlement requires Defendant to pay money to the Settlement Class, as well as pay settlement administration expenses, attorneys' fees and costs to Class Counsel, and an incentive award to the Class Representative, if approved by the Court. The Settlement is not an admission of wrongdoing by Defendants and does not imply that there has been, or would be, any finding that Defendants violated the law.

The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court overseeing this lawsuit must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this Notice and the opportunity to exclude themselves from the Settlement Class, and to voice their support or opposition to final approval of the Settlement. If the Court does not give final approval to the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

**WHO IS IN THE SETTLEMENT CLASS?**

You are a member of the Settlement Class if, at any time between June 17, 2015 and (1) [DATE OF PRELIMINARY APPROVAL], and you performed work for any Defendant in the State of Illinois and had any information that allegedly could be covered under BIPA collected, captured, received, obtained, maintained, stored, transmitted, or disclosed by any Defendant. You will be considered a member of the Settlement Class unless you properly execute and file a timely request for exclusion from the Class as explained below.

**WHAT ARE MY OPTIONS?**

**(1) Accept the Settlement**.
To accept the Settlement, you do not need to do anything. If you are receiving this Notice, you are currently considered a member of the Settlement Class and will continue to be unless you exclude yourself from the Settlement.

**(2) Exclude yourself**.

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against Defendants and the other Released Parties (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by filing your own lawsuit against Defendants at your own risk and expense. To exclude yourself from the Settlement, you must send a written request for exclusion to the Settlement Administrator providing your name, address, and telephone number; the name and number of this case; a statement that you wish to be excluded from the Settlement Class; and your signature, postmarked by **[45 days after entry of class certification]** to Simpluris. A request to be excluded that is sent to an address other than that designated in this Notice, or that is not postmarked within the time specified, shall be invalid and you shall be considered a member of the Settlement Class and shall be bound as a Settlement Class Members by the Settlement Agreement, if approved by the Court.

**(3) Object to the Settlement**.

If you wish to object to the Settlement, you must submit your objection in writing to the Clerk of the United States District Court Northern District of Illinois Everett McKinley Dirksen United States Courthouse 219 S. Dearborn Street Chicago, IL 60604, specifying *Bedford v. Lifespace Communities, Inc.*, Case No. 20-cv-04574. The objection must be received by the Court no later than **[45 days after class certification]**.

If you wish to object to the Attorneys' Fees sought in this case, you must submit your objection in writing to the Clerk of the United States District Court Northern District of Illinois Everett McKinley Dirksen United States Courthouse 219 S. Dearborn Street Chicago, IL 60604, specifying *Bedford v. Lifespace Communities, Inc.*, Case No. 20-cv-04574. The objection must be received by the Court no later than **[60 days after class certification]**.

You must also send a copy of your objection to the settlement and/or attorneys' fees to the attorneys for all Parties to the lawsuit, including Class Counsel (address below), as well as the attorneys representing Defendants (Josh M. Kanthrow, Lewis Brisbois, 550 West Adams Street, Suite 300, Chicago, Illinois 60661), postmarked no later than **[45 days after class certification]** for objections to the settlement and **[60 days after class certification]** for objections to attorneys' fees. Any objection to the proposed Settlement must include your (i) full name, address, and telephone number; (ii) the case name and number of this lawsuit; (iii) the date range during which you were employed by Defendant; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections you have filed, or have had filed on your behalf, in any other class action cases in the last four years; and (vi) your signature. If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by the objection deadline of **[45 days after class certification]** for objections to the settlement and **[60 days after class certification]** for objections to attorneys' fees**.** If you do hire your own attorney, you will be solely responsible

4

for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

You may appear at the Final Approval Hearing, which to be held on **[FINAL HEARING DATE AND TIME]**, in the Court's discretion via telephone, videoconference, or in Courtroom 2341 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, Illinois 60604 in person or through counsel to show cause of why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the request for attorneys' fees and expenses, and/or the request for an incentive award to the Class Representative are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Final Approval Hearing, as well as any exhibits they intend to introduce at the Final Approval Hearing.

**WHAT DOES THE SETTLEMENT PROVIDE?**

**Cash Payments.** Defendant has agreed to create a Settlement Fund for the Class Members in the amount of $987,850.00. All Settlement Class Members are entitled to receive a payment out of the Settlement Fund. If the Settlement is approved, each Settlement Class Member will be entitled to a payment of approximately $1,150.00 out of the Settlement Fund, less deductions for settlement administration costs, attorneys' fees, and a service award to the Class Representative, or approximately $726.30. The Settlement Administrator will issue a check to each Class Member following the final approval of the Settlement. All checks issued to Settlement Class Members will expire and become void 120 days after they are issued. Additionally, the attorneys who brought this lawsuit (listed below) will ask the Court to award them attorneys' fees of up to 33.3% of the Settlement Fund, plus reasonable costs, for the substantial time, expense and effort expended in investigating the facts, litigating the case and negotiating the Settlement. The Class Representative also will apply to the Court for a payment of up to $10,000.00 (in total) for her time, effort, and service to the Class in this matter.

**WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**

Unless you exclude yourself from this Settlement, you will be considered a member of the Settlement Class, which means you give up your right to file or continue a lawsuit for all claims relating to the Released Parties which relate to or arise out of Lifespace in Illinois, and which relate in any way to information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, or any other similar state, local, or federal law, regulation, or ordinance, or common law. Giving up your legal claims is called a release. The precise terms of the release are in the Settlement Agreement, which is available upon request. Unless you formally exclude yourself from this Settlement, you will release your claims. If you have any questions, you can talk for free to the attorneys identified below

5

who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

**WHEN WILL I BE PAID?**

The Parties cannot predict exactly when (or whether) the Court will give final approval to the Settlement, so please be patient. However, if the Court finally approves the Settlement, you will be paid as soon as possible after the court order becomes final, which should occur within approximately 30 days after the Settlement has been finally approved. If there is an appeal of the Settlement, payment may be delayed. Updated information about the case can be obtained through Class Counsel at the information provided below.

**WHEN WILL THE COURT RULE ON THE SETTLEMENT?**

The Court has already given preliminary approval to the Settlement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees, costs, and expenses and Class Representative service award that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on **[FINAL APPROVAL DATE / TIME]** in the Court's discretion via telephone, videoconference, or in Courtroom 2341 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, Illinois 60604.

If the Settlement is given final approval, the Court will not make any determination as to the merits of the claims against Defendant or its defenses to those claims. Instead, the Settlement's terms will take effect and the lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement in order to achieve an early and certain resolution to the lawsuit, in a manner that provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and Class Members will receive no benefits from the Settlement. Plaintiff, Defendants, and all of the Class Members will be in the same position as they were prior to the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and the Plaintiff and Defendant will continue to litigate the lawsuit. There can be no assurance that if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

**WHO REPRESENTS THE CLASS?**

The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

James B. Zouras
Ryan F. Stephan
Anna M. Ceragioli
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
lawyers@stephanzouras.com

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This Notice is only a summary of the proposed Settlement of this lawsuit. More details are in the Settlement Agreement which, along with other documents, can be obtained by contacting Class Counsel. If you have any questions, you can also call Class Counsel at the numbers or email addresses set forth above. In addition to all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this case. They will not be able to give you advice on your options.