IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SABRINA BEDFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-04574 |
| | ) |
| LIFESPACE COMMUNITIES, INC., | ) Hon. Manish S. Shah |
| | ) |
| Defendant. | ) Magistrate Hon. Susan E. Cox |
| | ) |
| | ) |

**PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**INTRODUCTION**

Plaintiff and Class Representative Sabrina Bedford ("Named Plaintiff"), individually and on behalf of a class of 851 other employees certified for settlement purposes (collectively, "Plaintiffs" or "Class Members") by and through undersigned counsel, moves for final approval of the Parties' settlement of Plaintiffs' claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. The Parties' settlement of this Rule 23 class action is fair, reasonable, and adequate under the governing legal standards and satisfies all of the criteria for final approval. Plaintiff respectfully requests the Court: (1) grant final approval of the Class Action Settlement Agreement ("Settlement Agreement"), attached as Exhibit A, including the releases of claims as set forth therein; and (2) enter the Proposed Final Approval Order and Final Judgment, attached as Exhibit B.

On February 5, 2021, the Court took the first step in the settlement approval process by preliminarily approving the Parties' Class Action Settlement; certifying the proposed "Settlement Class" (as defined below) pursuant to Rule 23; appointing the attorneys from Stephan Zouras, LLP

1

as Class Counsel; appointing Simpluris, Inc. ("Simpluris" or "Settlement Administrator") as Settlement Administrator; appointing Bedford Class Representative; directing that the Settlement Administrator mail notice to the Class members; and setting a date for the Final Approval Hearing. (D.E. 26).

Class Members have been notified of the terms of the settlement, including the monetary relief, the allocation formula, and their right to participate in, object to, or opt out of the settlement. Exhibit C, Decl. of Meagan Brunner for Simpluris ("Admin. Decl." ¶ 8); *see also* Exhibit A to Admin. Decl. ("Class Notice"). To date, no Class Members have objected to the settlement nor opted out of the settlement. (Admin. Decl. ¶¶ 12-13) (Exhibit D, Decl. of James B. Zouras ("Zouras Decl.") ¶ 14). With such overwhelming support for the settlement and for the reasons stated below, the Court should grant final approval.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

As set forth in greater detail in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (D.E. 23), Named Plaintiff Sabrina Bedford filed her Class Action Complaint in the Circuit Court of Cook County on June 17, 2020, alleging that Defendant Lifespace ("Lifespace" or "Defendant") utilizes biometric timekeeping devices at its facilities in Illinois and requires its employees to use the devices when clocking into and out of work, but failed to comply with BIPA. On August 4, 2020, Lifespace filed a Notice of Removal in the United States District Court for the Northern District of Illinois (D.E. 1), where it was assigned to and remains pending before the Hon. Manish S. Shah. Lifespace moved to dismiss Plaintiff's Complaint on August 10, 2020 (D.E. 11), and the motion was fully briefed on October 13, 2020. (D.E.'s 15, 22).

On February 1, 2021, Plaintiff filed the Unopposed Motion for Preliminary Approval of Class Action Settlement. On February 5, 2021, the Court granted Preliminary Approval of the Settlement Agreement. (D.E. 26). On March 26, 2021, Plaintiff filed an Unopposed Petition for Approval of Attorneys' Fees, Costs, and Service Award to the Class Representative. (D.E. 27). The Fee Petition remains pending before the Court.

II.     **SUMMARY OF SETTLEMENT TERMS**

    A.     **The Settlement Fund**

Per the terms of the Settlement Agreement, Defendant will pay to the Settlement Administrator the total sum of $987,850.00. (Exhibit A ¶¶ 34, 41(a)). The Settlement Fund shall be used to pay (i) Settlement Class Members' claims; (ii) a Service Award to the Class Representative ($10,000.00); (iii) the Fee Award (not to exceed 33.3% of the Settlement Fund); and (iv) the Administrative Expenses (not to exceed $25,000.00). (*Id*. ¶ 41(d)).

    B.     **Eligible Class Members**

Class Members who are eligible to receive a settlement payment are:

> All individuals working for Defendant Lifespace Communities, Inc. ("Defendant" or "Lifespace") in the State of Illinois who had any information that allegedly could be covered under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.,* collected, captured, received, obtained, maintained, stored, transmitted, or disclosed by any Defendant within the five-year period preceding the date the Complaint was filed through February 1, 2021 and who do not timely opt-out of the settlement ("Settlement Class").

(Exhibit A, ¶ 37.)

    C.     **Releases**

Class Members who did not timely submit requests for exclusion release all claims relating to the Released Parties which relate to or arise out of Lifespace in Illinois, and which relate in any way to information that is or could be protected under the Illinois Biometric Information Privacy

Act, 740 ILCS 14/1 *et seq.*, or any other similar state, local, or federal law, regulation, or ordinance, or common law. (Exhibit A, Sec. VII).

  **D.**  **Allocation**

The allocation of the gross amount of the Settlement Fund to be paid to Settlement Class Members will be allocated as follows: $1,150 per Settlement Class Member, less *pro rata* reductions for Class Counsel's Fee Award, Service Award to the Class Representative and Administrative Expenses. (Exhibit A ¶ 42).

  **E.**  **Service Payment, Attorneys' Fees, and Settlement Administration Expenses**

On March 26, 2021, Plaintiff filed an Unopposed Petition for Approval of Attorneys' Fees, Costs, and Service Award to the Class Representative. (D.E. 27). Through this Petition, Class Counsel submitted, and Defendant did not dispute, that the following sums are fair and reasonable in light of all the facts and circumstances, including the past and anticipated future time spent by Class Counsel, their hourly rates, the risks undertaken, and the results achieved: (1) a Service Payment of $10,000.00 to Bedford; (2) attorneys' fees of $328,954.05 and litigation costs of $1,217.64; and (3) settlement administration expenses of $14,309.54. (D.E. 27).

  **F.**  **Settlement Administration**

The Parties engaged Simpluris to prepare, print, mail, and e-mail the Class Notice, to track exclusions and objections, and to draft and mail settlement checks. (Admin Decl. ¶ 3). On February 12, 2021, Counsel for the Defendant provided Simpluris with a mailing list containing 851 Class Member's names and last known addresses for the Class Period ("Class List"). (Admin Decl. ¶ 3). The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. (Admin Decl. ¶ 4). The NCOA contains requested changes of address filed with the U.S. Postal Service;

4

accordingly, in the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Class Notice. (Admin Decl. ¶ 4). On February 19, 2021, Class Notices were mailed to 851 Class Members and e-mailed to 755 Class Members. (Admin Decl. ¶¶ 5-6). The Class Notice advised Class Members that they could submit an exclusion and/or objection postmarked by April 5, 2021. (Exhibit A to Admin Decl.). 52 Notice Packets were returned without a forwarding address – by performing a skip trace on the 52 Class Members, Simpluris was able to reissue 44 of the 52 returned packets to a better address; the remaining 8 remained undeliverable because no better address could be determined. (Admin Decl. ¶ 8).

### G. Objections and Opt-Outs

April 5, 2021 marked the postmark deadline for Class Members to submit a Request for Exclusion or object to the Settlement. (Admin Decl. ¶ 11). As of April 21, 2021, Simpluris received zero exclusions and zero objections. (Admin Decl. ¶ 11).

April 6, 2021 marked the postmark deadline for Class Members to submit an objection to Class Counsel's fees and costs. (D.E. 27 at 6). As of the date of this filing, no Class Members have submitted an objection. (Zouras Decl. at ¶ 14).

### III. THE PARTIES HAVE SATISFIED THE NOTICE REQUIREMENTS OF RULE 23

Under Rule 23(c)(2)(B), notice must provide:

> [T]he best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23 (c)(2)(B).

As set forth above, the Parties' effort to effectuate notice by mail to the Class Members meets the requirements of Rule 23(c)(2)(B).

IV. **THE PROPOSED SETTLEMENT SHOULD BE FINALLY APPROVED BECAUSE IT IS A FAIR, REASONABLE, AND ADEQUATE RESOLUTION OF A BONA FIDE DISPUTE OVER PLAINTIFFS' CLAIMS.**

Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable and adequate. Fed. R. Civ. P. 23(e). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *10 (N.D. Ill. Feb. 28, 2012). "In reviewing a proposed settlement, the court should consider the judgment of counsel and the presence of good faith bargaining." *Patterson v. Stovall*, 528 F.2d 108, 114 (7th Cir. 1976), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). "Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *Young v. Rolling in the Dough, Inc.*, No. 1:17-CV-07825, 2020 WL 969616, at *3 (N.D. Ill. Feb. 27, 2020). As set forth in detail below, the proposed settlement is fair, reasonable and adequate under Rule 23(e) and, thus, should be approved.

A. **The Settlement Is Fair, Reasonable, and Adequate.**

To approve a proposed settlement of a class action under Rule 23, a court's review of a settlement agreement is "limited to the consideration of whether the proposed settlement is lawful, fair, reasonable, and adequate." *Id.* at 1196 (citations omitted); *see also EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985) ("*Hiram Walker*"). When evaluating class settlement, courts evaluate not the "substantive law governing the claims asserted in the litigation", but the "general principles governing approval of class action settlement." *Isby*, 75 F.3d at 1197; *Young*,

6

2020 WL 969616, at *3.

However, courts must "give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Eubank v. Pella Corp.*, 753 F.3d 718, 723 (7th Cir. 2014), *citing Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004)). Courts consider five factors:(1) the strength of Plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement; (4) the opinion of competent counsel; and (5) the stage of the proceedings and discovery completed. *Am. Int'l Grp., Inc.*, 2012 WL 651727 at *2, *citing Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)). A court must view the settlement in its entirety, rather than focus on an individual component. *Isby*, 75 F.3d at 1199.

        **1.**    **The Settlement Amount Is Substantial Given the Strengths of Plaintiffs' Claims and Attendant Risks (First Factor).**

Defendant agreed to settle this case for a maximum of $987,850.00 for a class of 851 Class Members. (Settlement Agreement ¶¶ 3, 34). The Settlement Fund shall be used to pay (i) Settlement Class Members' claims; (ii) a Service Award to the Class Representative ($10,000.00); (iii) the Fee Award ($328,954.05) and Litigation Costs ($1,217.64); and (iv) the Administrative Expenses ($14,286.00). (Admin Decl. ¶ 13). This leaves a Net Settlement Fund of $633,392.31 and an estimated payment to each Participating Class Member of $744.29. (Admin Decl. ¶ 13). This is a substantial settlement that represents significant value, particularly given the attendant risks of litigating the merits of the case through Rule 23 class certification, potential decertification proceedings, summary judgment practice and/or trial, and any appeals of decisions on those matters. (Zouras Decl. ¶ 16).

This settlement provides much more than "a fraction of the potential recovery." *Cf. Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair."). If Defendant's conduct is deemed negligent, the gross settlement amount distributed to Class Members exceeds 100% of recovery for one violation under BIPA. (Zouras Decl. ¶ 15). The recovery here is well within the range of reasonable recovery and represents significant value given the attendant risks of litigation. Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement amount is reasonable.

In evaluating the strength of a plaintiff's case on the merits balanced against the proposed settlement, courts refrain from reaching conclusions on issues which have not been fully litigated. *Williams v. Quinn*, 748 F. Supp. 2d 892, 897 (N.D. Ill. 2010) (noting "[t]he purpose of a fairness hearing is not to resolve the merits of the case, but to determine whether the settlement is fair, reasonable, and adequate when viewed in its entirety") Because "[t]he essence of settlement is compromise," *Hiram Walker*, 768 F.2d at 889, courts should not reject a settlement "solely because it does not provide a complete victory to the Plaintiff." *Isby*, 75 F.3d at 1200. Parties to a settlement benefit by immediately resolving the litigation and receiving "some measure of vindication for [their] position[s] while foregoing the opportunity to achieve an unmitigated victory. Thus, the parties to a settlement will not be heard to complain that the relief afforded is substantially less than what they would have received from a successful resolution after trial." *Hiram Walker*, 768 F.2d at 889 (internal citations omitted).

The outcome of this litigation is far from certain. On liability, Plaintiffs would have to overcome Defendant's defenses including but not limited to whether Plaintiff asserted an

8

intentional or reckless BIPA violation sufficient to confer statutory damages, whether Plaintiff's claims are preempted by the Illinois Workers' Compensation Act ("WCA"), whether Plaintiff's and/or Settlement Class Members' claims are barred by the statute of limitations, and whether BIPA is unconstitutional special legislation. The proposed Settlement ensures that Class Members will receive a settlement amount that is reasonable and consistent with the established facts as applied to the governing law. In light of the substantial recovery this settlement provides and the attendant risks of litigation, this factor weighs in favor of final approval.

### 2. Litigation Through Trial and Appeals Would Be Complex, Costly, and Long (Second Factor).

The second factor to be considered is the complexity, length, and expense of litigation that will be avoided by the proposed settlement. *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000). By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid significant expense and delay, and instead ensure recovery for the class. "[A]n integral part of the strength of a case on the merits is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985). Although Class Counsel believes Plaintiffs' case is strong, it is subject to considerable risks and costs if the case is not settled.

Continued litigation carries with it a decrease in the time value of money, for "[t]o most people, a dollar today is worth a great deal more than a dollar ten years from now." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284 (7th Cir. 2002); *see also Fitzsimmons*, 778 F.2d at 309 n.3; *Seiden v. Nicholson*, 72 F.R.D. 201, 208 (N.D. Ill. 1976) ("If this case had been litigated to conclusion, all that is certain is that plaintiffs would have spent a large amount of time, money and effort."). The proposed settlement provides immediate benefits.

If litigation were to continue, extensive class discovery would be required to establish liability and damages. Here, further litigation would certainly result in dozens of depositions, a fully briefed motion for Rule 23 class certification, potential decertification proceedings, and summary judgment practice on liability, and would prolong the risk, time, and expense associated with a complex trial, or trials, for damages. Any judgment would likely be appealed, further extending the litigation. These costs of further litigation are considerable in terms of both time and money but would not reduce the risks that litigation holds for the class. *See Isby*, 75 F.3d at 1199. Under these circumstances, the benefits of a guaranteed recovery today as opposed to an uncertain result in the future, are readily apparent. This factor therefore weighs in favor of final approval.

### 3. The Reaction of the Class Has Been Positive (Third Factor).

The absence of objections by Class Members is significant in determining whether the proposed settlement is reasonable to the class as a whole. *See Hispanics United of DuPage County v. Village of Addison, Illinois*, 988 F. Supp. 1130, 1166, 1169 (N.D. Ill. 1997) ("the court may approve a fair settlement over objections by some or even many Class Members"). Here, no class members objected to the settlement nor requested exclusion. (Admin Decl. ¶¶ 11). Thus, this factor also favors approval of the settlement.

### 4. Competent Counsel for All Parties Endorse this Agreement (Fourth Factor).

Courts are "entitled to rely heavily on the opinion of competent counsel." *Gautreaux v. Pierce*, 690 F.2d 616, 634 (7th Cir. 1982), *quoting Armstrong*, 616 F.2d at 325); *see also Isby*, 75 F.3d at 1200. However, they cannot rely solely on that opinion, *see Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014). Importantly, here, there is no indication that the proposed Settlement Agreement is the result of collusion. *See Isby*, 75 F.3d at 1200. The settlement was reached after intense negotiation over the course of several weeks.

"There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." *Newberg* §11.41 at 11-88; *see also City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996). Class Counsel are competent and experienced in class actions, particularly wage and hour class actions of exactly this kind, and are familiar with the strengths and weaknesses of the claims and defenses. (Zouras Decl. ¶¶ 5-7). Using that litigation experience and their intimate knowledge of the facts of the case and the legal issues facing the Class Members, Class Counsel were capable of making, and did make, well informed judgments about the value of the claims, the time, costs and expense of protracted litigation, discovery and appeals, and the adequacy of the settlement. (Zouras Decl. ¶ 17). This factor therefore weighs in favor of final approval.

### 5. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (Fifth Factor).

This complex class action was resolved nearly two years after it was initiated. This period, along with time spent pre-litigation, involved research into BIPA and the rapidly evolving case law in this area, analysis of the strengths and weaknesses of Plaintiff's claims and Defendant's defenses, including investigation into Defendant's policies and practices regarding the collection, capture, storage, use, and dissemination of biometric data and the exchange of confirmatory discovery regarding settlement. (Zouras Decl. ¶¶ 9-10). The stage of litigation has advanced to a state that Class Counsel could fairly and fully evaluate the value of the settlement. (Zouras Decl. ¶ 17). Given the significant amount of time and resources spent by the Parties exchanging information and advancing settlement negotiations, this fifth, and final, factor favors final approval of the settlement.

### B. Approval of the Release of Class BIPA Claims Is Appropriate.

11

The Parties also request that the Court specifically approve the release of Class Members' BIPA claims as defined in the Settlement Agreement. (Exhibit A Sec. VII). In this case, as explained above, the terms of the settlement were reached during extensive arm's-length negotiations by experienced counsel after thorough investigation, discovery, and analysis. Because the Settlement Agreement, including Class Members' releases of their BIPA claims, resolves a bona fide dispute and was reached after vigorous arm's-length negotiations, it should be approved. *See, e.g.*, *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant her Unopposed Motion for Final Approval of Class Action Settlement and enter the Proposed Final Approval Order and Final Judgment, attached as Exhibit B.

Date: May 5, 2021

Respectfully Submitted,

*/s/ Anna M. Ceragioli*
Ryan F. Stephan
James B. Zouras
Anna M. Ceragioli
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aceragioli@stephanzouras.com

**CLASS COUNSEL**