IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SABRINA BEDFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-04574 |
| | ) | |
| **LIFESPACE COMMUNITIES, INC.,** | ) | Hon. Manish S. Shah |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## FINAL APPROVAL ORDER AND FINAL JUDGMENT

On May 12, 2021, the Court heard Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement. The Court has considered the Motion and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on final approval, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d), including jurisdiction over all members of the Settlement Class.

2. The Court finds that there is a bona fide legal dispute between the Parties as to whether Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*.

3. The Court grants final approval of the settlement memorialized in the Class and Collective Action Settlement Agreement filed with the Court.

4. The Court finds that the settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that: (a) the strength of Plaintiffs' case

on the merits weighed against Defendant's defenses, and the complexity, length, and expense of further litigation, support approval of the settlement; (b) the Settlement Fund of $987,850.00 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the claims; (c) the settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the settlement expressed by Class Counsel and counsel for Defendant, all of whom have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the settlement; (e) the absence of any objections to the settlement by Class Members supports approval of the settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the settlement.

5. The Court approves the settlement as a final, fair, reasonable, adequate, and binding release of the claims of the Named Plaintiff and the Settlement Class Members as provided in the Settlement Agreement.

6. The Notice of Proposed Settlement of Class Action Lawsuit ("Class Notice") sent to the Class Members via first class mail and electronic mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery, their right to request exclusion from the settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Class Notice also adequately informed the Class Members of the address to contact Class Counsel. Thus, the Court finds that the Class Notice provided to the Class satisfied the requirements of Rule 23(c)(2)(B).

7. This Court hereby dismisses the case in its entirety without prejudice, without awarding costs to the Parties except as provided in the Settlement Agreement, and approves the

settlement and releases set forth in the Settlement Agreement. This dismissal will convert to with prejudice without any further order of the Court on the date Defendant deposits the settlement funds into the Qualified Settlement Fund, which, by agreement of the Parties, should occur on or before May 26, 2021.

8. The Court shall retain jurisdiction solely for the purpose of administering and enforcing the terms of the Settlement Agreement.

IT IS SO ORDERED.

Date: May 12, 2021

_____
Hon. Manish S. Shah
United States District Court Judge